John Patrick Petrullo, Esq. (SBN 134074)
David B. Litt, Esq. (SBN 256073)
**PETRULLO, APC**
Pacific Corporate Towers
222 N. Pacific Coast Hwy., Suite 1690
El Segundo, CA 90245
Telephone: (213) 627-0400/Fax: (213) 627-0402

Attorneys for Defendants GORDON LANE
HEALTHCARE, LLC, SUN MAR
MANAGEMENT SERVICES, IRVING
BAUMAN, FRANK JOHNSON, ELI
MARMUR, and WILLIAM PRESNELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GAIL PARRISH by and through Successor in Interest, Monica Parrish, <br><br> Plaintiff, <br><br> vs. <br><br><br> GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR; WILLIAM PRESNELL and DOES 1 – 250, inclusive, <br><br> Defendants. | CASE NO. <br><br> (Orange County Superior Court Case No. 30-2022-01276234-CU-MC-CXC) <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER THE CLASS ACTION FAIRNESS ACT** <br><br> **Filed concurrently herewith:** <br> ***(1)    Certification Of Interested Entities Or Persons Pursuant To Local Rule 7.1-1*** <br> ***(2)    Declaration of Olga Soto*** <br> ***(3)    Civil Case Cover Sheet*** <br> ***(4)    Notice to Clerk and Adverse Parties*** <br> ***(5)    Proof of service*** <br><br> **Action Filed: August 17, 2022** |

Defendants Gordon Lane Healthcare, LLC, Sun Mar Management Services,

Irving Bauman, Frank Johnson, Eli Marmur, and William Presnell hereby give

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

notice that they are removing the above captioned case, originally filed in the Superior Court of the State of California for the County of Orange, Case No. 30-2022-01276234-CU-MC-CXC, to the United States District Court for the Central District of California.    Defendants Gordon Lane Healthcare, LLC, Sun Mar Management Services, LLC, Irving Bauman, Frank Johnson, Eli Marmur, and William Presnell (collectively "Defendants") remove the case pursuant to the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and state as follows:

## I.    **BACKGROUND**

1.    On August 17, 2022 Plaintiff Gail Parrish, by and through Successor in Interest, Monica Parrish, ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Orange, titled "*GAIL PARRISH by and through Successor in Interest, Monica Parrish, Plaintiff v. GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR; WILLIAM PRESNELL and DOES 1 –250, inclusive, Defendants*" Case No. 30-2022-01276234-CU-MC-CXC.    The Complaint asserts two causes of action for 1) Violation of the Consumer Legal Remedies Act (Civ. Code §1750, et seq.) and 2) Violations of Resident Rights (Health & Safety Code §1430(b)).

2.    On August 30, 2022 each of the Defendants were served with a copy of the Civil Case Cover Sheet, Summons, Notice of Remote Appearance, Complaint, and Declaration of Monica Parrish As Successor In Interest To Gail Parrish, Pursuant to 28 USC § 1446(a), true and correct copies of all pleadings and orders served upon the Defendants are attached hereto as Exhibit A.

3.    Subsequently, each of the Defendants were served with a Proof of Service of Summons.    True and correct copies of these documents are included as part of Exhibit A attached hereto.

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

4.     Defendants have not filed or received any pleadings other than the pleadings described as Exhibits A in this action prior to the Notice of Removal.

## II.    TIMELINESS OF REMOVAL

5.     Pursuant to 28 U.S.C. § 1446(b), the period for removal does not expire until thirty days after service of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344.

6.     Defendants' Notice of Removal is timely because it is filed within 30 days of the date each of the Defendants were served with the Summons and Complaint in this action (August 30, 2022).

## III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

7.     Under the CAFA, district courts have original jurisdiction for class actions "if [1] the class has more than 100 members, [2] the parties are minimally diverse, and [3] the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 552 (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

### A.    The Class Action Includes More Than 100 Putative Class Members

8.     A removal under CAFA requires at least 100 members in a proposed class. See 28 U.S.C. § 1332(d)(5)(B) (providing that CAFA jurisdiction does not apply to any class action in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

9.     Here, Plaintiff defines the three proposed classes to include 1) all persons who resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC within the three years prior to the filing of the Complaint wherein the Defendants were reimbursed for services by private pay and/or privately acquired insurance and/or any HMO or PPO; 2) all

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER THE CLASS ACTION FAIRNESS ACT

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

persons who resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC within the three years prior to the filing of the Complaint; and 3) all persons who resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC within the three years prior to the filing of the Complaint regardless of the manner in which the Defendants were reimbursed for services. (Complaint ¶1). Plaintiff's Complaint also alleges, "On information and belief those class members number more than three thousand (3000)." (Complaint ¶ 10).

10.    GORDON LANE HEALTHCARE LLC's skilled nursing facility presently has 94 residents. Declaration of Olga Soto (hereafter "Soto Dec.") at ¶3. As noted above, Plaintiff's proposed classes include all persons presently residing in GORDON LANE HEALTHCARE LLC's skilled nursing facility. (Complaint ¶1).

11.    Over the past three years there have been a total of 1,142 individuals who have been residents at GORDON LANE HEALTHCARE LLC's skilled nursing facility. Soto Dec. at ¶4. Plaintiff's proposed classes include all persons who resided in GORDON LANE HEALTHCARE LLC's skilled nursing facility within the three years prior to the filing of the Complaint. (Complaint ¶1).

12.    Based on the proposed class definitions, the fact that there are presently 94 persons residing in GORDON LANE HEALTHCARE LLC's skilled nursing facility (Soto Dec. at ¶3), the fact that there have been 1,142 residents at GORDON LANE HEALTHCARE LLC's skilled nursing facility over the past three years (Soto Dec. at ¶4), and Plaintiff's "belief" that those class members number more than three thousand, there is no question that the size of the proposed class far exceeds the minimum threshold of 100 members under CAFA.

## B. The Parties Are Minimally Diverse

13.    Under 28 U.S.C. § 1332(d)(2)(A), CAFA requires only minimal

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

diversity for the purpose of establishing federal jurisdiction-that is, at least one purported class member must be a citizen of a state different than any named defendant. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").

14.     A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought.").

15.     For diversity purposes, a natural person's state citizenship is determined by that person's domicile-i.e., "[one's] permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001); *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed").

16.     Gordon Lane Healthcare, LLC is a California limited liability company. See, https://bizfileonline.sos.ca.gov/search/business.

17.     Sun Mar Management Services is a California corporation.   See, https://bizfileonline.sos.ca.gov/search/business.

18.     There is currently one patient in Gordon Lane Healthcare, LLC's skilled nursing facility who is a resident of the State of  Ohio and who intends to return to Ohio upon their discharge from Gordon Lane Healthcare, LLC's skilled nursing facility.  Soto  Dec. at ¶5.  Additionally, over the past three years Gordon Lane Healthcare, LLC's skilled nursing facility has had other patients who were not residents of the State of California. Soto  Dec. at ¶5.

19.     Accordingly, at least one member of the putative class is a citizen of a state different from at least one of the named defendants.  As a result, diversity

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C.  The Amount In Controversy Exceeds $5 Million

20.    Under 28 U.S.C. § 1332(d)(2), "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

21.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 40.

22.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, *supra,* 135 S. Ct. at 554.

23.    The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); see also *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

24.    For purposes of ascertaining the amount in controversy, "the court must accept as true plaintiffs allegations as plead in the Complaint and assume that

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at \*3 (E.D. Cal. May 1, 2007).

25.    If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise.   See, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d, 1025 1030 (C.D. Cal. 2017); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010).

26.    Plaintiff's Complaint alleges that the class members number more than three thousand (3000).  (Complaint ¶ 10).

27.    Plaintiff's Complaint asserts statutory violations of *Civil Code* §1780(b) which provide for a $5,000 civil penalty for each class member. (Complaint, Prayer at ¶6).  There is nothing in Plaintiff's Complaint which alleges the violation rate is less than 100%.

28.    Three thousand proposed class members multiplied by just the $5,000 civil penalty sought for each class member pursuant to *Civil Code* §1780(b) yields an amount in controversy of at least $15 million.

29.    Beyond these statutory violations Plaintiff also seeks attorneys' fees and costs, statutory damages and penalties pursuant to *Health & Safety Code* §1430(b), actual damages, punitive damages, disgorgement, treble damages, and "such further relief as the Court may deem just and proper."   (See Prayer in Complaint).  For purposes of determining the amount in controversy, only "interest and costs" are excluded from the calculation. 28 U.S.C. § 1332. Therefore, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).

30.    Although Defendants deny Plaintiff's allegations that he or the putative

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

class are entitled to any relief for the above-mentioned claims, and accepting as true the allegations in the Complaint solely for purposes of this Notice of Removal, the amount in controversy in this matter clearly exceeds the $5 million threshold for removal under 28 U.S.C. § 1332(d).

31.    Because the putative class includes at least 100 people, minimal diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. § 1441(a)

32.    To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. § 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. §1367(a).

**IV.  VENUE**

33.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c). This action originally was brought in Orange County Superior Court of the State of California, which is located within the Central District of California. 28 U.S.C. § 84(c). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Orange County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

**V.  NOTICE TO STATE COURT AND TO PLAINTIFF**

34.    Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Orange.

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

## VI. <u>CONCLUSION</u>

35.    Based on the foregoing, Defendants request that this action be removed from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their argument that removal is proper.

Dated:  September 29, 2022              **PETRULLO, APC**

By: _____/s/ David B. Litt_____
JOHN PATRICK PETRULLO, ESQ.
DAVID B. LITT, ESQ.
Attorneys for Defendants GORDON LANE
HEALTHCARE, LLC, SUN MAR
MANAGEMENT SERVICES, LLC,
IRVING BAUMAN, FRANK JOHNSON,
ELI MARMUR, and WILLIAM
PRESNELL

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 01:30:47 PM.
30-2022-01276234-CU-MC-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN; FRANK JOHNSON; [See Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GAIL PARRISH by and through her Successor in Interest, Monica Parrish

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
~~XXXXXXXXXXXXXXXXXXXXXXXX~~ 751 W. SANTA ANA BLVD
Santa Ana, CA  92702

| CASE NUMBER: *(Núm)* |
|---|
| 30-2022-01276234-CU-MC-CXC |

Judge Glenda Sanders

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Garcia & Artigliere, One World Trade Center, #1950, Long Beach, CA 90831; (562) 216-5270

DATE: 08/17/2022          DAVID H. YAMASAKI, Clerk of the Court          Clerk, by *(Secretario)* G. Ramirez , Deputy *(Adjunto)*
*(Fecha)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Gordon Lane Healthcare, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* LLC
4. ☒ by personal delivery on *(date):* 8/30/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>Parrish vs. Gordon Lane Healthcare, LLC | CASE NUMBER:<br>30-2022-01276234-CU-MC-CXC |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ELI MARMUR; WILLIAM PRESNELL and DOES 1-250, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

RA-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 123338 | |
|---|---|---|
| NAME: Stephen M. Garcia | | |
| FIRM NAME: Garcia & Artigliere | | |
| STREET ADDRESS: One World Trade Center, Ste. 1950 | | |
| CITY: Long Beach | STATE: CA     ZIP CODE: 90831 | |
| TELEPHONE NO.: (562) 216-5270 | FAX NO.: (562) 216-5271 | |
| EMAIL ADDRESS: edocs@lawgarcia.com | | |
| ATTORNEY FOR (name): Plaintiff | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA  92702
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: Gail Parrish, by and thru her SII, Monica Parrish

DEFENDANT/RESPONDENT: Gordon Lane Healthcare, LLC

OTHER CASE NAME:

| NOTICE OF REMOTE APPEARANCE | CASE NUMBER: 30-2022-01276234-CU-MC-CXC |
|---|---|

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply)*:
   - [✓] Plaintiff/Petitioner *(name)*: Gail Parrish, by and thru her SII, Monica Parrish
   - [✓] Attorney for Plaintiff/Petitioner *(name)*: Garcia & Artigliere
   - [ ] Defendant/Respondent *(name)*:
   - [ ] Attorney for Defendant/Respondent *(name)*:
   - [ ] Other *(name and role in case)*:

2. The person or persons in 1 intends to appear remotely *(check one)*:
   a. [✓] Throughout the case.
   b. [ ] At the proceeding described below, including on any later dates if the proceeding is continued *(describe)*:
      Type of proceeding:
      Set on *(date)*:                    at *(time)*:                    in *(department)*:
      Before *(name of judicial officer, if known)*:

3. The person intends to appear by *(check court's website for method that may be used)*:
   - [✓] Videoconference     [✓] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely*(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed)*:

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
RA-010 [New January 1, 2022]

**NOTICE OF REMOTE APPEARANCE**

Code of Civil Procedure, § 367.75;
Cal. Rules of Court, rule 3.672
www.courts.ca.gov

RA-010

| PLAINTIFF: Gail Parrish, by and thru her SII, Monica Parrish | CASE NUMBER: |
|---|---|
| DEFENDANT: Gordon Lane Healthcare, LLC | 30-2022-01276234-CU-MC-CXC |

5.  ☑  I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: August 23, 2022

Stephen M. Garcia                                          *Stephen M. Garcia* (signature)
_____                          ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE)

### Notice to Other Parties

> Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

### Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*
- **Mail:** By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery:** By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number in d.)
- **Phone:** By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person:** By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                          ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE)

RA-010

## Instructions for Giving Notice of Remote Appearance
### (This page does not need to be filed.)

**1. Court online procedures**. Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*.

**2. How to use this form**. This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others**. You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**
California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

*For motions and proceedings in which people cannot testify*

If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):
- At least 2 court days before the proceeding.

If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):
- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

*For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)*

If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:
- At least 10 court days before the trial or hearing date.

If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):
- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**. If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability.** If a party needs an accommodation for a disability, use form MC-410, *Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 01:30:47 PM.
30-2022-01276234-CU-MC-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Stephen M. Garcia, Esq. (SBN 123338)<br>Garcia & Artigliere<br>One World Trade Center, Ste. 1950<br>Long Beach, CA 90831<br>TELEPHONE NO.: (562) 216-5270     FAX NO.: (562) 216-5271<br>ATTORNEY FOR *(Name)*: Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE     751 W. SANTA ANA BLVD
STREET ADDRESS: ~~XXXXXXXXXXXXXXXXX~~
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME:

CASE NAME:
Gail Parrish vs. Gordon Lane Healthcare, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2022-01276234-CU-MC-CXC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter     ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Glenda Sanders<br>DEPT:<br>CX-101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☑ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2022

Stephen M. Garcia
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 01:30:47 PM.
30-2022-01276234-CU-MC-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**GARCIA & ARTIGLIERE**
Stephen M. Garcia, State Bar No. 123338
 edocs@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

Assigned for All Purposes
Judge Glenda Sanders

CX-101

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| GAIL PARRISH by and through Successor in Interest, Monica Parrish<br><br>Plaintiff,<br><br>vs.<br><br>GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR; WILLIAM PRESNELL and DOES 1-250, inclusive,<br><br>Defendants. | CASE NO. 30-2022-01276234-CU-MC-CXC<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) Violations of the Consumer Legal Remedies Act (Civ. Code § 1750, et seq.)<br>2) Violations of Resident Rights (Health & Saf. Code, § 1430, subd. (b)) |

**COMES NOW** Plaintiff GAIL PARRISH (hereinafter sometimes referred to as "PLAINTIFF") was at all times relevant hereto a resident of the State of California. GAIL PARRISH brings this action by and through her Successor in Interest Monica Parrish, on behalf of herself and a class of similarly situated California consumers, based on information and belief and the investigation of counsel, except for information based on personal knowledge, hereby alleges as follows:

**THE PARTIES**

1.    Plaintiff Class.

The class sought to be represented is defined as follows:

1

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

a.     <u>Plaintiff Subclass One: "Private Pay Residents-First Cause of Action Only."</u>

The first subclass sought to be represented in this action as it relates to the First Cause of Action only, is defined as follows: all persons who resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC , that is and was owned, operated, and/or managed by the defendants named herein at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action wherein the defendants were reimbursed for services provided to a "class member" by private pay and/or privately acquired insurance and/or any HMO or PPO. The subclass does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case.

b.     <u>Plaintiff Subclass Two: "All Residents-First And Second Causes of Action</u>

The second subclass sought to be represented in this action as it relates to the First and Second Causes of Action, is defined as follows: all persons who were resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC , that is and was owned, operated, and/or managed by the defendants named herein at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action. The class does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case. This subclass shall seek attorneys' fees and costs only.

c.     <u>Plaintiff Subclass Three: "Health & Safety Code Section 1430(b) Violations"</u>

The third subclass sought to be represented in this action as it relates to the Second Cause of Action only, is defined as follows: all persons who were resided in (or continue to reside in) the California skilled nursing facility GORDON LANE HEALTHCARE LLC , that is and was owned, operated, and/or managed by the defendants named herein at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action regardless of the manner in which Defendants were reimbursed for services. The class does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case.

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

2.   <u>Individual Plaintiff/Class Representative</u>. Plaintiff GAIL PARRISH (sometimes referred to herein as "Plaintiff") was a resident of GORDON LANE HEALTHCARE LLC who entered into a standard admission agreement with the Defendants. Plaintiff was at all times relevant hereto a "person," and a "consumer" as defined by *Civil Code* §1761 in that Plaintiff is an individual who sought or acquired, by purchase or lease, services for personal purposes.

3.   <u>Defendants</u>. Defendants GORDON LANE HEALTHCARE LLC and DOES 1 through 50 (hereinafter referred to as the "FACILITY") were at all relevant times in the business of providing long-term custodial care as the licensee of a 24-hour skilled nursing facility under the fictitious name GORDON LANE HEALTHCARE LLC and were subject to the requirements of federal and state law regarding the operation of skilled nursing facilities operating in the State of California. GORDON LANE HEALTHCARE LLC reports to the Secretary of State of California that its principle place of business is located at 3580 Wilshire Blvd., Los Angeles, California 90010.

4.   IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR and DOES 51 through 100 are the only listed managers of GORDON LANE HEALTHCARE LLC as reported to the Secretary of State of California, with all the legal rights and obligations attendant thereto, as well as the owners of GORDON LANE HEALTHCARE LLC.

5.   IRVING BAUMAN; FRANK JOHNSON; WILLIAM PRESNELL and DOES 101 through 150 are the only listed managers of SUN MAR MANAGEMENT SERVICES as reported to the Secretary of State of California, with all the legal rights and obligations attendant thereto, as well as the owners of SUN MAR MANAGEMENT SERVICES.

6.   SUN MAR MANAGEMENT SERVICES effectively operates and controls GORDON LANE HEALTHCARE LLC's operations as its management company.

7.   Defendants IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR; WILLIAM PRESNELL; SUN MAR MANAGEMENT SERVICES S and DOES 51 through 151 (collectively hereinafter, the "MANAGEMENT DEFENDANTS") were at all relevant times the FACILITY'S owners, operators, parent company, and/or management company and actively participated and controlled the business of the FACILITY and thus provided long-term professional and custodial care as a 24-hour Skilled Nursing Facility (hereinafter the FACILITY and MANAGEMENT

3

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

DEFENDANTS are collectively alternatively referred to as the "DEFENDANTS").

8.     GAIL PARRISH is informed and believes and therefore alleges that at all times relevant to this Complaint, DOES 101-250 were licensed and unlicensed individuals and/or entities, and employees of the DEFENDANTS rendering care and services to GAIL PARRISH and whose conduct caused or contributed injuries and damages alleged herein. It is alleged that at all times relevant hereto, the DEFENDANTS were aware of the unfitness of DOES 101-250 to perform their necessary job duties and yet employed these persons and/or entities in disregard of the health and safety of GAIL PARRISH.

9.     GAIL PARRISH is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 250, and for that reason has sued such Defendants by fictitious names. PLAINTIFF will seek leave of the Court to amend this Complaint to identify said Defendants when their identities are ascertained.

## CLASS ACTION ALLEGATIONS

10.     <u>Ascertainable Class</u>.  The proposed class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the class and hence will have binding effect on all class members. These class members can be readily identified from residency computer files of the defendants and other means readily available to the defendants, and thus the plaintiffs, through minimally intrusive discovery. The class is numerous. On information and belief, those class members number more than three thousand (3000). Joinder of all class members is impracticable due to both a reluctance of class members to sue their current caregivers and the relatively small monetary recovery for each class member in comparison to the costs associated with separate litigation.

11.     <u>Community of Interest</u>. The proposed class has a well-defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses. The named Plaintiff has claims typical of the class members. Without limitation, as a result of defendants' conduct alleged herein, Plaintiff and the class were deprived of the rights afforded to all residents of skilled nursing facilities under *Health & Safety Code* §1599.1(a) and 22 *Code of*

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

4

1  *Regulations* §72527(a)(25), most specifically the right to live in a facility that employs "an adequate

2  number of qualified personnel to carry out all of the functions of the facility." The named Plaintiff

3  can fairly and adequately represent and protect the interests of the class in that there are no conflicts

4  between Plaintiff's interest and the interests of other class members, this action is not collusive, the

5  named Plaintiff and Plaintiff's counsel have the necessary resources to litigate this action, and

6  counsel has the experience and ability required to prosecute this case as a class action.

7          12.   <u>Superiority of Class Adjudication</u>.   The certification of a class in this action is

8  superior to the litigation of a multitude of cases by members of the putative class. Class adjudication

9  will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover,

10  there are class members who are unlikely to join or bring an action due to, among other reasons,

11  their reluctance to sue their current nursing home provider and/or their inability to afford a separate

12  action. Finally, equity dictates that all persons who stand to benefit from the relief sought herein

13  should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation

14  among the class members in relationship to the benefits received.

15  **ALTER EGO ALLEGATIONS**

16          13.   The DEFENDANTS set forth hereinabove fail to recognize the uniqueness and

17  independence of each of the DEFENDANTS. That at all times relevant hereto there was a such a

18  unity of interest and ownership between the DEFENDANTS such that the individual distinctions

19  between them had ceased and that the facts as alleged herein are such that an adherence to the fiction

20  of the separate existence of the DEFENDANTS would, under the particular circumstances alleged

21  herein, sanction a fraud and/or promote injustice.

22          14.   At all relevant times, the DEFENDANTS, and each of their tortious acts and

23  omissions, as alleged herein, were done in concert with one another in furtherance of their common

24  design and agreement to accomplish a particular result, namely maximizing profits from the

25  operation of the FACILITY by underfunding and understaffing the FACILITY. Moreover, the

26  DEFENDANTS aided and abetted each other in accomplishing the acts and omissions alleged

27  herein. (See Restatement (Second) of Torts §876 (1979)).

28          15.   Upon information and belief, it is alleged that the misconduct of the DEFENDANTS,

5

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

which led to the violation of the rights of Plaintiff and the class as alleged herein, was the direct result and product of the financial and control policies and practices forced upon the FACILITY by the financial limitations imposed upon the FACILITY by the DEFENDANTS, by and through the officers, directors and/or managing agents enumerated in herein below and others presently unknown to PLAINTIFF and according to proof at time of trial.

16.     The MANAGEMENT DEFENDANTS controlled the FACILITY to such a degree that it was a "mere instrumentality" of the MANAGEMENT DEFENDANTS used for an improper purpose.

17.     The MANAGEMENT DEFENDANTS direct the expenditures of the FACILITY to other companies of the MANAGEMENT DEFENDANTS so that they can unlawfully profit from the operations of the FACILITY at the expense of the legally mandated care the residents of the FACILITY, including GAIL PARRISH, require and deserve. Further the MANAGEMENT DEFENDANTS intentionally hide the multi-tier profiteer effort through manipulation of multiple companies, shell operators and refusal to report all related party transactions to the State of California in violation of applicable rules, laws and regulations.

18.     Accordingly, the MANAGEMENT DEFENDANTS, in effect controls the operations of the FACILITY.

19.     This includes but is not limited to the legal obligation in the operation of the FACILITY that "any matter relating to the activities of the limited liability company is decided *exclusively* by the managers" pursuant to *Corporations Code* § 17704.07(c)(1) (emphasis added).) And in fact, in effect, only the manager of the FACILITY, has the sole capacity to bind the limited liability company and/or execute any instrument on behalf of the limited liability company.

20.     And accordingly any act of the MANAGEMENT DEFENDANTS is imputed to the FACILITY, pursuant to *Corporations Code* § 300(a), 17703.01(b), (c).

21.     Furthermore, the MANAGEMENT DEFENDANTS operate each of the DEFENDANTS as an alter ego and/or single enterprise, by (1) commingling of funds and other assets; (2) treating each entity as if it was solely his, (3) holding out to lenders that he is personally liable for debts of the entities, (4) failing to maintain adequate corporate records, owning all of the

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  stock, (5) use of the different entities as mere conduit for a single enterprise, and concealment of his

2  financial interest in the companies, and (6) using other mechanisms and according to proof at time

3  of trial.

4      22.    In sum, the MANAGEMENT DEFENDANTS commingled the funds of the

5  FACILITY with the operations of other skilled nursing facilities operated and controlled by them,

6  siphoning funds from one to the other to cover the fact that the MANAGEMENT DEFENDANTS

7  were unlawfully siphoning off cash from the FACILITY leaving insufficient funds to operate any

8  of their facilities. The intermingling of the finances between the FACILITY and the

9  MANAGEMENT DEFENDANTS is so complete as to render them simply alter egos of one

10 another.

11     23.    In addition to the aforementioned allegations, it is alleged upon information and

12 belief that the managerial and operational control exerted by the MANAGEMENT DEFENDANTS

13 over the FACILITY is also achieved through the implementation of uniform policies and procedures

14 that the MANAGEMENT DEFENDANTS disseminate to the FACILITY and with which the

15 FACILITY and its employees and agents are mandated to comply.

16     24.    While the MANAGEMENT DEFENDANTS exert complete operational control

17 over the FACILITY as set forth in the immediately preceding paragraphs, pursuant to applicable

18 state law the FACILITY also remains responsible to their licensing authority (the Department of

19 Public Health) for their conduct in the exercise of their licenses and each has the "responsibility to

20 see to it that the license is not used in violation of law." *California Assn. of Health Facilities v.*

21 *Department of Health Services* (1997) 16 Cal.4th 284, 295. In fact, Title 22 California *Code of*

22 *Regulations* §72501 mandates that the FACILITY "shall be responsible for compliance with the

23 licensing requirements and for the organization, management, operation and control of the licensed

24 facility. The delegation of any authority by a licensee shall not diminish the responsibilities of such

25 licensee." Title 22 California *Code of Regulations* § 72501.

26                  **COMMON FACTUAL ALLEGATIONS**

27     25.    In owning, operating, managing, administrating, controlling, and/or supervising the

28 FACILITY, DEFENDANTS were required to comply with California statutory and regulatory law

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

governing the operation of skilled nursing facilities. In owning, operating, managing, administrating, controlling, and/or supervising the FACILITY, DEFENDANTS were also subject to the authority of licensing and other governmental agencies, including but not limited to the California Department of Public Health ("DPH"), the California Department of Health Care Services ("DHCS"), and the federal Centers for Medicare & Medicaid Services ("CMS").

26.    It is alleged that Plaintiff and each class member were admitted to the FACILITY pursuant to the utilization of the "California Standard Admission Agreement"[1] as mandated by Title 22 of the California *Code of Regulations*, §72516. *Health & Safety Code* §1599.74 mandates that every California skilled nursing facility admission agreement shall contain a complete copy of the statutory and regulatory bill of rights in legible print of no less than 12-point type and that every resident shall sign a separate written acknowledgement that the resident has been informed of the Resident Bill of Rights.[2] California *Health & Safety Code* §1599.74 mandates in relevant part:

> (b) Every contract of admission shall contain a complete copy of both the statutory and regulatory Patients' Bill of Rights. Notwithstanding any other provision of law, the text of the Patients' Bill of Rights shall be in legible print of no less than 12-point type. If a translation has been provided by the department, the text given to non-English-speaking residents shall be in their language.

> (c) The contract shall also contain a separate written acknowledgement that the resident has been informed of the Patients' Bill of Rights. Written acknowledgement by the resident or the resident's representative must be made either on a separate document or in the agreement itself next to the clause informing the resident of these regulatory rights. Written acknowledgement by use of the signature on the agreement as a whole does not meet this requirement.

California *Health & Safety Code* §1599.74(b)–(c).

27.    Pursuant to this uniform representation that the services provided by the Defendants would meet the particularized standards as set forth in the Resident Bill of Rights attached to the uniform Admission Agreement, the DEFENDANTS were to provide all residents of the FACILITY services consistent with the mandatory requirements of California *Health & Safety Code* §1599.1(a)

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

---

[1] A true and correct copy of an exemplar of the "California Standard Admission Agreement for Skilled Nursing Facilities and Intermediate Care Facilities" obtained from the California Department of Public Health's website at the self-authenticating link http://www.cdph.ca.gov/pubsforms/forms/CtrldForms/cdph327.pdf.

[2] A true and correct copy of an exemplar of the Resident Bill of Rights (Attachment F to the Standard Admission Agreement) obtained from the California Department of Public Health website at the self-authenticating link http://www.cdph.ca.gov/pubsforms/forms/CtrldForms/cdph327-Attachment-F.pdf at 32–37.

8

as set forth in Title 22 *Code of Regulations* §72527(a)(25). Specifically, the services represented by the DEFENDANTS that they would provide to each resident, via the contractual Admission Agreement arrangement with each resident, was explicitly stated by the DEFENDANTS to include the obligation, and representation as to the standard of care to be provided, that the FACILITY would ensure the rights afforded to all residents of skilled nursing facilities under *Health & Safety Code* §1599.1(a) and 22 *Code of Regulations* §72527(a)(25), most specifically the right to live in a facility that employs "an adequate number of qualified personnel to carry out all of the functions of the facility" including, and as to that which this lawsuit references, "Direct Caregivers" as that term is defined in "Direct Caregivers", as the term "Direct Caregivers" is defined 22 *Code of Regulations* §72038.[3] These uniform representations of the DEFENDANTS in the Admission Agreement as to the nature of their services in this regard as to "Direct Caregivers" as defined in 22 *Code of Regulations* §72038, while performing nursing services as described in Sections 72309, 72311, and 72315 of Title 22 of the California *Code of Regulations*, as those sections read as of July 1, 2017 were false and actually known to be false when made by the DEFENDANTS when made. And in fact, the allegations in this action are specifically limited to an analysis of the failure to comply with applicable regulations and laws as to "Direct Caregivers" as defined in 22 *Code of Regulations* §72038, only.

   28.    Pursuant to requirements of law and the provisions of the standard admission agreement, the DEFENDANTS were to provide PLAINTIFF and the class with services consistent with the mandatory requirements of Title 22 *Code of Regulations* §72527 and California *Health & Safety Code* §1599.1(a), as specifically referenced in Title 22 CODE OF REGULATIONS §72527(a)(25). Specifically, the DEFENDANTS were required to ensure the rights afforded to

---

[3] Throughout this Complaint when the term "Direct Caregiver" is referenced it is meant to be as that term is defined in 22 *Code of Regulations* §72038 which is as follows:

   "Direct caregiver" means a registered nurse, as referred to in Section 2732 of the Business and Professions Code, a licensed vocational nurse, as referred to in Section 2864 of the Business and Professions Code, a psychiatric technician, as referred to in Section 4516 of the Business and Professions Code, and a certified nurse assistant, or a nursing assistant participating in an approved training program, as defined in Section 1337 of the Health and Safety Code, while performing nursing services as described in sections 72309, 72311 and 72315. A person serving as the director of nursing services in a facility with 60 or more licensed beds cannot be a direct caregiver.

9

COMPLAINT FOR DAMAGES

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

PLAINTIFF, members of the class, and all residents of skilled nursing facilities under *Health & Safety Code* §1599.1(a) and *Code of Regulations* §72527(a)(25), most specifically, the right to live in a facility that employs "an adequate number of qualified personnel to carry out all of the functions of the facility," in this lawsuit meaning "Direct Caregivers", as the term "Direct Caregivers" is defined 22 *Code of Regulations* §72038, pursuant to Health & Safety Code §1599.1(a) (as expressly incorporated by Title 22 *Code of Regulations* §72527(a)(25). As to "Direct Caregivers" these DEFENDANTS failed miserably in this regard. The analysis of *Health & Safety Code* §1599.1 is accomplished in part by assessing the compliance of the DEFENDANTS with, as to this lawsuit "Direct Caregivers", as the term "Direct Caregivers" is defined 22 *Code of Regulations* §72038, consistent with the requirements of 22 *Code of Regulations* §72329.1.

29.    During the admissions process and prior to becoming residents of the FACILITY, representatives of the FACILITY presented Plaintiff and each class member, and/or each's legal representative, with a standard admission agreement containing the resident bill of rights as an attachment to the admission agreement as mandated by *Health & Safety Code* §1599.74. Plaintiff and each member of the class, and/or each's legal representative, read and understood the standard admission agreement and relied upon the material terms contained therein. In reliance on the terms of the standard admission agreement, Plaintiff and each member of the class, and/or each's legal representative, decided that Plaintiff and each member of the class would become residents of the FACILITY, and signed the admission agreement and became residents of the FACILITY. Each and every putative class member, and most specifically the named Plaintiff, and/or their legal representatives acting on their behalf, justifiably relied on these false written representations in agreeing to the terms and obligations of the written admission agreement to their detriment and as more fully set forth below.

30.    Before, during, and after the admissions processes of Plaintiff and each class member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members that at all times relevant hereto the FACILITY did not employ "an adequate number of "Direct Caregivers", as the term "Direct Caregivers" is defined 22 *Code of Regulations* §72038, to carry out all of the functions of the facility" in violation of Health & Safety Code §1599.1(a) (as expressly

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

10

1   incorporated by Title 22 *Code of Regulations* §72527(a)(25)).

2       31.     It is alleged that the concealments by DEFENDANTS alleged in the immediately

3   preceding paragraph were intended to deceive Plaintiff and members of the class into believing that

4   the FACILITY were properly operated to induce Plaintiff and class members into becoming

5   residents of the FACILITY. That Plaintiff and members of the class, all in infirm health, elderly,

6   and/or in need of skilled nursing care and members of one of the most vulnerable segments of our

7   society, were unsophisticated and unknowledgeable in the operation of skilled nursing FACILITY

8   in the State of California and had no knowledge of the facts concealed by DEFENDANTS and could

9   not have discovered those concealed facts due to, among other things, their extremely vulnerable

10  status. Had the concealed facts been disclosed to Plaintiff and members of the class, they would not

11  have become residents of the FACILITY and would not have paid, or had monies paid on their

12  behalf, for the substandard skilled nursing care at the FACILITY.

13      32.     Before, during, and after the admissions processes of Plaintiff and each class

14  member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members

15  and/or each's legal representatives that DEFENDANTS did not devote sufficient financial resources

16  to the proper operation of the FACILITY so as to ensure the sufficiency of "Direct Caregivers, and

17  instead diverted those resources to create ill-begotten profits for DEFENDANTS. It is alleged that

18  this concealment by DEFENDANTS was intended to deceive Plaintiff and members of the class

19  and/or each's legal representatives into believing that the FACILITY was properly operated with

20  sufficient "Direct Caregivers" to induce Plaintiff and class members into becoming residents of the

21  FACILITY. That Plaintiff and members of the class, all in infirm health, elderly, and/or in need of

22  skilled nursing care and members of one of the most vulnerable segments of our society, and/or

23  each's legal representatives, were unknowledgeable and unsophisticated in the operation of skilled

24  nursing facilities in the State of California and had no knowledge of the facts concealed by

25  DEFENDANTS and could not have discovered those concealed facts due to, among other things,

26  their extremely vulnerable status.

27      33.     Before, during, and after the admissions processes of Plaintiff and each class

28  member, the DEFENDANTS actively and intentionally concealed from Plaintiff and class members

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1   that DEFENDANTS chronically understaffed the FACILITY with an inadequate number of "Direct

2   Caregivers" to carry out the function of the FACILITY as more fully alleged herein, and in so doing

3   and as a result thereof, the DEFENDANTS have violated the rights afforded to all residents of

4   skilled nursing facilities under *Health & Safety Code* §1599.1(a) and 22 *Code of Regulations*

5   §72527(a)(25), most specifically the right to live in a facility that employs "an adequate number of

6   'Direct Caregivers' to carry out all of the functions of the facility." It is alleged that this concealment

7   by DEFENDANTS was intended to deceive Plaintiffs and members of the class into believing that

8   the FACILITY was properly staffed to induce Plaintiff and class members into becoming residents

9   of the FACILITY. That Plaintiff and members of the class, all in infirm health, elderly, and/or in

10  need of skilled nursing care and members of one of the most vulnerable segments of our society,

11  were unknowledgeable and unsophisticated in the operation of skilled nursing facilities in the State

12  of California and had no knowledge of the facts concealed by DEFENDANTS and could not have

13  discovered those concealed facts due to, among other things, their extremely vulnerable status. Had

14  the concealed facts been disclosed to Plaintiff and members of the class, they would not have

15  become residents of the FACILITY and would not have paid, or had monies paid on their behalf,

16  for the substandard skilled nursing care at the FACILITY.

17        34.     In reality, in direct contradiction to the representation in their uniform admission

18  agreement that the FACILITY would "employ an adequate number of qualified personnel to carry

19  out all functions of the facility" and to meet the needs of their residents, DEFENDANTS chronically

20  understaffed the FACILITY as to "Direct Caregivers" and chronically failed to meet the

21  particularized standards as set forth in the Resident Bill of Rights relating to the mandatory

22  requirements of California *Health & Safety Code* §1599.1(a) as set forth in Title 22 *Code of*

23  *Regulations* §72527(a)(25), in the requirements of Title 22 *Code of Regulations* §72329.1 as is

24  more fully alleged herein below. Thus, DEFENDANTS have misrepresented in their admission

25  agreement that entering into the admission agreement with DEFENDANTS conferred or involved

26  rights, remedies, or obligations which the transaction did not have or involve, or which was

27  prohibited by law, in violation of *Civil Code* §1770(a)(14).

28        35.     Plaintiff and the class members, as persons unknowledgeable and unsophisticated in

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

12

the operation of skilled nursing facilities in the State of California and having no knowledge of the

material concealments by DEFENDANTS alleged herein, justifiably relied on the material terms of,

and the representations set forth in, the DEFENDANTS' uniform Admission Agreement in entering

into the admission agreement and becoming residents of the FACILITY thereby assuming the

obligation of payment to the DEFENDANTS. Most specifically, Plaintiff and the Class relied on

the following material term of the California Standard Admission Agreement relating to resident

rights:

> **IV. Your Rights as a Resident**.  Residents of this Facility keep all their basic rights
> and liberties as a citizen or resident of the United States when, after, they are admitted.
> Because these rights are so important, both federal and state laws and regulations
> describe them in detail, and state law requires that a comprehensive Resident Bill of
> Rights be attached to this Agreement.
>
> Attachment F, entitled "Resident Bill of Rights," lists your rights as set forth in State
> and Federal law. For your information, the attachment also provides the location of
> your rights in statute.
>
> You should review the attached "Resident Bill of Rights" very carefully. To
> acknowledge that you have been informed of the "resident Bill of Rights," please sign
> here: _____.

In requiring their residents to specifically and separately acknowledge receipt of DEFENDANTS'

representations regarding the minimum standards of care as set forth in the Resident Bill of Rights,

DEFENDANTS knew, or should have known, that their residents were reasonably and justifiably

relying on said representations.

36.    It is alleged that Plaintiffs and members of the Class suffered injury in fact and

concrete harm in that they relied on the representations of the DEFENDANTS that they would be

provided with minimum standards of care consistent with the requirements of *Health & Safety Code*

§1599.1(a) as incorporated into Title 22 *Code of Regulations* §72527(a)(25), yet did not receive this

promised standard of care and suffered pecuniary harm by being deprived of the value of payments

made for skilled nursing services when these services were not actually rendered consistent with the

DEFENDANTS' representations.

37.    In addition, these class members made monetary payments to the DEFENDANTS in

return for skilled nursing services of the standard promised by the DEFENDANTS in the uniform

Admission Agreement and its attachments which are incorporated into the Admission Agreement

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

13

COMPLAINT FOR DAMAGES

as alleged above. The class has suffered pecuniary harm in that the DEFENDANTS did not provide such services of the standard represented. In addition, Plaintiff and class members have suffered pecuniary harm in that DEFENDANTS misrepresented that entering into an admission agreement with DEFENDANTS conferred the statutory resident right under *Health & Safety Code* §1599.1 of Plaintiffs and class members to reside in a facility that employs "an adequate number of qualified personnel to carry out all of the functions of the facility" when in fact the transaction of entering into an admission agreement with DEFENDANTS did not confer such right.

38.    That is, simply by entering into an admission agreement with a resident, the DEFENDANTS represent in writing as an exhibit or addendum attached to the admission agreement of Plaintiff, and all others similarly situated, that the DEFENDANTS will provide services of the standard and quality consistent with the Resident Bill of Rights as set forth in Title 22 California *Code of Regulations* §72527(a)(25) to wit, California *Health & Safety Code* §1599.1.

39.    That is, simply by entering into an admission agreement with a resident, the DEFENDANTS represent in writing as an exhibit or addendum attached to the admission agreement of Plaintiffs, and all others similarly situated, that the transaction conferred the statutory resident rights afforded to all residents of skilled nursing facilities under *Health & Safety Code* §1599.1(a) and 22 *Code of Regulations* §72527(a)(25), most specifically the right to live in a facility that employs "an adequate number of qualified personnel to carry out all of the functions of the facility" as to "Direct Caregivers" when in fact the transaction of entering into an admission agreement with DEFENDANTS did not confer such right in direct violation of *Civil Code* §1770(a)(14).

40.    The representations of DEFENDANTS as incorporated into their admissions contracts are false and known by the DEFENDANTS to be false when made. Plaintiff and the class relied on these misrepresentations into becoming residents of the FACILITY. In reliance of these misrepresentations, Plaintiff and the class made payments to the DEFENDANTS in return for these services as promised. Plaintiff and the class suffered pecuniary harm in the form of lost payments and lost services when the DEFENDANTS actually failed to provide these promised skilled nursing services as represented.

41.    It is alleged that DEFENDANTS' representations set forth in their uniform resident

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

14

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1    admission agreements that they would ensure their residents' right to live in an adequately staffed

2    facility were false because, instead of providing the represented standard of care, at all times herein

3    relevant the DEFENDANTS intentionally concealed from Plaintiff and members of the class that

4    the MANAGEMENT DEFENDANTS conceived and implemented a plan to wrongfully increase

5    business profits at the expense of the rights and health of residents such as Plaintiff, and others

6    similarly situated through the chronic understaffing of "Direct Caregivers" which prevented the

7    FACILITY from ensuring their residents' statutory right to live in an adequately-staffed facility as

8    to "Direct Caregivers" that would meet the needs of the residents, rendering the representations of

9    the DEFENDANTS as to the nature and quality of their services as false.

10         42.    It is alleged that federal and California regulations require skilled nursing facilities

11    to provide adequate, qualified staffing to meet resident needs and to carry out all functions at the

12    facility, regardless of whether adequate staffing would require more staff than any required bare

13    numeric ratios. Specifically, as it relates to federal law, 42 *Code of Federal Regulations* § 483.30

14    states that a skilled nursing facility "must have sufficient nursing staff to provide nursing and related

15    services to attain or maintain the highest practicable physical, mental, and psychosocial well-being

16    of each resident, as determined by resident assessments and individual plans of care." 42 *Code of*

17    *Federal Regulations* §483.30 further states that a skilled nursing facility "must provide services by

18    sufficient numbers of each of the following types of personnel on a 24-hour basis to provide nursing

19    care to all residents in accordance with resident care plans: (i) Except when waived under paragraph

20    (c) of this section, licensed nurses; and (ii) Other nursing personnel." 42 *Code of Federal*

21    *Regulations* § 483.30(a)(1).

22         43.    It is specifically alleged that the regulations enacted pursuant to the California *Health*

23    *and Safety Code*[4] also require that a skilled nursing facility maintain staffing at levels sufficient to

24    meet the needs of residents, even if that required staffing level is more than the bare minimum

25

26    ---
[4] These regulations set the standard of care with which skilled nursing FACILITY must comply. See Cal. *Health & Saf.*

27    *Code* §1276(a) ("The building standards published in the State Building Standards Code by the Office of Statewide Health Planning and Development, and the regulations adopted by the state department shall, as applicable, prescribe standards of adequacy, safety, and sanitation of the physical plant, of staffing with duly qualified licensed personnel,

28    and of services, based on the type of health facility and the needs of the persons served thereby.").

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1    numeric ratio of 3.2 NHPPD required by *Health & Safety Code* §1276.5 through July of 2017 and

2    thereafter, pursuant to *Health & Safety Code* §1276.65- 3.5 NHPPD. "Nursing service personnel

3    shall be employed and on duty in at least the number and with the qualifications determined by the

4    Department to provide the necessary nursing services for patients admitted for care. The staffing

5    requirements required by this section are minimum standards only. Skilled nursing facilities shall

6    employ and schedule additional staff as needed to ensure quality resident care based on the needs

7    of individual residents and to ensure compliance with all relevant state and federal staffing

8    requirements." Title 22 *California Code of Regulations* § 72329.1(a).

9          44.    It is alleged that minimum staffing of personnel in the FACILITY is dependent by

10   law upon the acuity (need) level of the residents of the FACILITY. As alleged more fully below,

11   the FACILITY'S resident acuity levels during the class period were so high such that the

12   "minimum" staffing ratios exceeded the numeric minimum of *Health & Safety Code* §1276.5 and

13   *Health & Safety Code* §1276.65 pursuant to the provisions of Title 22 *California Code of*

14   *Regulations* §§72515(b), 72329.1 and 42 C.F.R. §483.30.

15         45.    Thus, it is specifically alleged that DEFENDANTS, as operators of skilled nursing

16   facilities must, pursuant to statutes and regulations with which DEFENDANTS are required to

17   comply, know that sufficient nursing staff is required to meet the needs of residents and to ensure

18   the health and safety of residents. Conversely, DEFENDANTS, as operators of skilled nursing

19   facilities must also know that a failure to maintain sufficient staffing to meet the needs of residents

20   will endanger the health and safety of residents of the FACILITY. The DEFENDANTS, as operators

21   of skilled nursing facilities, cannot claim ignorance of these regulatory requirements without

22   endangering their very licensure. Skilled nursing facilities have the "responsibility to see to it that

23   the license is not used in violation of law." (*California Assn. of Health Facilities v. Department of*

24   *Health Services* (1997) 16 Cal.4th 284, 295.); see also *California Code of Regulations*, §72501,

25   subd. (a) (skilled nursing facilities "shall be responsible for compliance with the licensing

26   requirements and for the organization, management, operation and control of the licensed facility.").

27         46.    It is alleged that at all times relevant hereto, in addition to mandating minimum

28   staffing, the California Legislature also has specifically recognized and declared that failing to

maintain sufficient staffing may result in death or serious physical harm to residents. As specifically alleged hereinabove, operators of skilled nursing facilities such as the DEFENDANTS are required to comply with (and hence have knowledge of) these statutes and regulations. California *Health and Safety Code* §1276.65, which requires the development of regulations setting forth staffing ratios as explained above, also provides that "[a] violation of the regulations developed pursuant to this section may constitute a class "B," "A," or "AA" violation pursuant to the standards set forth in Section 1424." (*Health & Saf. Code*, §1276.65, subd. (g)(2).) That is, simply understaffing a facility may constitute a class "B," "A," or "AA" citation. In turn, Section 1424, subdivisions (c), (d), and (e), defines the classifications of citations in relevant part as follows:

(c) Class "AA" violations are violations that meet the criteria for a class "A" violation and that the state department determines to have been a *direct proximate cause of death of a patient or resident* of a long-term health care facility.

(d) Class "A" violations are violations which the state department determines present either (1) *imminent danger that death or serious harm* to the patients or residents of the long-term health care facility would result therefrom, or (2) *substantial probability that death or serious physical harm to patients or residents* of the long-term health care facility would result therefrom.

(e) Except as provided in paragraph (4) of subdivision (a) of Section 1424.5, class "B" violations are violations that the state department determines have a *direct or immediate relationship to the health, safety, or security of long-term health care facility patients or residents*, other than class "AA" or "A" violations.

California *Health & Safety Code* §1424 (emphasis added).

47.    Thus, it is alleged that at all times relevant hereto, the DEFENDANTS were required to know pursuant to applicable statues and regulations (or risk forfeiture of licensure) that understaffing the FACILITY creates a high risk of harm to residents of that facility. That at all times relevant hereto the DEFENDANTS consciously disregarded that knowledge and continued to maintain insufficient staffing levels.

48.    The analysis of whether a skilled nursing facility provides adequate staffing entails three basic steps: a) determining the collective acuity level of the residents at the facility; b) determining the staffing levels at the facility; and c) comparing the collective acuity and staffing levels at the facility in light of recognized minimum staffing requirements. It is alleged that a facility's acuity level is based upon the average resident acuity in the population for whom care is

being provided. It is alleged that it is not necessary to determine whether all residents individually receive a certain number of hours of nursing care per day, but rather whether the facility – as a whole – is adequately staffed to account for the facility's collective acuity level. It is alleged that although a facility's acuity level can vary from day to day, the acuity rates can be determined by taking the average facility acuity over the course of several months. This process provides a reliable index of a facility's average patient nursing needs, a key for determining adequate staffing requirements.

49.     And in fact GORDON LANE HEALTHCARE LLC has itself testified under penalty of perjury confirming this reality and as follows:

Q   How does the facility determine whether there's enough staff on duty to -- to meet the needs of its residents?

A   All right. So we have a schedule of our nursing for our residents, and based on that schedule and our daily census and our acuity of our patients, we make a determination how much staff we need.

Q   Okay. So your facility doesn't just throw out a number and say based upon this census we're going to meet mandatory minimums or something like that, correct?

A   Correct.

Q   You looked at the -- you look at the acuity of the residents to determine sufficiency of staff, correct?

A   Correct.

Q   In other words, you don't look at individual residents and say that person needs 1.5 nursing hours per patient day, do you?

A   Correct.

Q   What you do is use your education, your training, your experience and the input of the department heads and the like, which you see on a daily basis, and you say the totality of the building has a census which we feel requires X number of staff, right?

A   Among other factors.

Q   Including acuity, correct?

A   Correct.

Q   What I'm saying is, is when you -- as the facility to determine the needs of all the residents in the facility, you got to determine what the needs of all the residents are in the facility to determine sufficiency of staff, right?

COMPLAINT FOR DAMAGES

M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Complaint.docx

A   Correct.

Q   You don't look at individual residents one on one to determine the sufficiency of the staff in the facility, you look at all of the needs of all of the resident, correct?

A   That is correct.

50.     The staffing analysis described above is done at a facility-level. Thus, it does not require any individualized inquiry into how many hours of direct nursing care any specific resident received on any given day. Rather, the proper analysis is whether the *facility as a whole* employed an adequate number of qualified staff to competently care for the collective needs of its residents. It is specifically alleged that the United States Centers for Medicare & Medicaid Services ("CMS") has already developed a methodology for determining the level of staffing required to meet the needs of residents based on the collective acuity levels of the residents via the CMS Agency Patient-Related Characteristics Report (formerly the Case Mix Report), which is the average resident need score based on resident assessment data that CMS *has already collected and calculated*. A self-authenticating link to a portion of this staffing information is at:

**http://www.cms.gov/Medicare/Provider-Enrollment-and-Certification/CertificationandComplianc/Downloads/staffingdatafile.zip.**

51.     It is specifically alleged that if a skilled nursing facility's staffing levels are lower than the level of staffing of "Direct Caregivers" required to meet the needs of residents as determined by their collective acuity, that facility has violated its residents' statutory, affirmative and actionable right to reside in a skilled nursing facility that employs "an adequate number of qualified personnel to carry out all of the functions of the facility." California *Health & Safety Code* §1599.1(a). Upon information and belief, it is alleged that the FACILITY were inadequately staffed in violation of *Health & Safety Code* §1599.1(a).

52.     However, contrary to DEFENDANTS' representations contained within the standard admission agreement, DEFENDANTS did not devote sufficient financial resources to the proper operation of the FACILITY, did not devote sufficient financial resources to protect the health and safety of residents and ensure resident rights were not violated, and instead diverted those resources to create ill-begotten profits for DEFENDANTS. Instead, DEFENDANTS chronically understaffed

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

19

1  the FACILITY with an inadequate number of "Direct Caregivers" to carry out the function of the

2  FACILITY as more fully alleged herein, and in so doing and as a result thereof, the DEFENDANTS

3  have violated the rights afforded to all residents of skilled nursing facilities under *Health & Safety*

4  *Code* §1599.1(a) and 22 *Code of Regulations* §72527(a)(25).

5         53.     In reality, in direct contradiction to the representation in their uniform admission

6  agreement that the FACILITY would "employ an adequate number of qualified personnel to carry

7  out all functions of the facility" and to meet the needs of their residents, DEFENDANTS chronically

8  understaffed the FACILITY as to "Direct Caregivers" and chronically failed to meet the

9  particularized standards as set forth in the Resident Bill of Rights relating to the mandatory

10  requirements of California *Health & Safety Code* §1599.1(a) as set forth in Title 22 *Code of*

11  *Regulations* §72527(a)(25), in the requirements of Title 22 C*Code of Regulations* §72329.1 during

12  the residency of Plaintiff in the FACILITY, as well as during the residencies of members of the

13  class.

14         54.     In fact, the reported hours and staffing ratios by the DEFENDANTS are a complete

15  and intended fraud in two ways. First, this intended fraud to be perpetrated upon the public and the

16  government by these DEFENDANTS is vibrantly illustrated by the staffing records of the

17  FACILITY used by the FACILITY to report hours to the DPH, in which DEFENDANTS include

18  non-direct caregivers in violation of 22 *Code of Regulations* §§ 72329.1(g) and §72038 in their

19  computation of staffing ratios reported to the public and the government. That is, DEFENDANTS

20  artificially and fraudulently inflate the reported nursing staff ratios by unlawfully and fraudulently

21  including the hours of employees not providing direct nursing care, including but not limited to

22  administrative, supervisory, and/or maintenance employees who do not provide direct patient care.

23         55.     Second, the fraud perpetrated on the public and the government can be seen from

24  DEFENDANTS' own time-keeping records which do not take into account rest breaks required by

25  *Labor Code* §226.7 and 8 *California Code of Regulations* §§ 11010-11150, ¶ 12 and §11160, ¶ 11.

26  Thus, for example, for a nurse working an eight-hour shift, the DEFENDANTS report the full eight

27  hours to DPH even though in reality that nurse was only on the floor providing direct patient care

28  for seven hours and forty minutes (7.66 hours) due to taking the two 10-minute breaks required by

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

20

1    the *Labor Code*. While the fraudulent reporting of eight hours as opposed to 7.66 hours may seem

2    inconsequential with only one nurse involved, when it is extrapolated on a facility-wide-basis, its

3    effects are dramatic.

4        56.    For example, if on a given day the FACILITY had 40 nurses working eight-hour

5    shifts with a total patient census of 100 for that day, the FACILITY as a systemic policy and practice

6    reports a total of 320 hours worked for that day, divided by 100 residents for a total of 3.2 nursing

7    hours per patient day ("NHPPD"), which is the bare minimum numeric staffing ratio required by

8    Health & Safety Code §1276.5. However, in reality and contrary to the fraudulent reporting of

9    DEFENDANTS to DPH, each of the 40 nurses worked only 7.66 hours due to taking two required

10   10-minute breaks for a total of 306.4 hours actually worked. 306.4 hours divided by 100 residents

11   results in a total of 3.064 NHPPD, well *below* the minimum numeric ratio of 3.2 hours required by

12   Health & Safety Code §1276.5. These reality of this understaffing and fraud perpetrated by the

13   DEFENDANTS upon CMS will be proven by review of a few simple and available documents and

14   as follows:

- The Facility CDPH "612 Form";

- The "Facility Assessment" prepared pursuant to 42 Code of Federal Regulations § 483.70(e);

- The Facility form as to actual hours;

- Staff Assignment Sheets;

- CMS 671 and 672 forms;

- Payroll Based Journal;

- The Facility RUGS (Resident Utilization Group) and HIPPS scores;

- Facility Staffing Ladders;

- Medicare and Medicaid Cost Reports; and

- The time cards of each individual the DEFENDANTS claim were providing "direct nursing services" (as that term is defined in *Health & Safety Code* §1276.5) during the relevant time period.[5]

---

[5] The concern of course is that the defendant will now destroy the records to hide the truth of their deception and fraud from being exposed. Such an effort in spoliation would, at a minimum, clearly violate the provisions of 22 *Code of*

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1    Each of these documents can be produced by a computer key stroke for analysis.

2    57.    It is alleged that at all relevant times hereto, the DEFENDANTS as a systemic policy

3    and practice always reported to DPH total nursing hours and NHPPD ratios which did not take into

4    account the rest breaks required by Labor Code §226.7 and 8 California Code of Regulations

5    §§ 11010–11150, ¶ 12 and §11160, ¶ 11. It is further alleged that at all times relevant hereto

6    DEFENDANTS failed to take into account required rest breaks in determining the amount of staff

7    the FACILITY required to ensure the rights afforded to PLAINTIFF, members of the class, and all

8    residents of skilled nursing facilities under *Health & Safety Code* §1599.1(a) and 22 *Code of*

9    *Regulations* §72527(a)(25), most specifically, the right to live in a facility that employs "an

10   adequate number of qualified personnel to carry out all of the functions of the facility" pursuant to

11   Health & Safety Code §1599.1(a) (as expressly incorporated by Title 22 *Code of Regulations*

12   §72527(a)(25). That in failing to take into account the required rest breaks, DEFENDANTS failed

13   to adequately staff the FACILITY to meet the needs of the residents, thereby violating

14   PLAINTIFF'S and each class member's rights set forth in *Health & Safety Code* §1599.1(a) and 22

15   CODE OF REGULATIONS §72527(a)(25).

16                    **FIRST CAUSE OF ACTION**
17   **VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (Civ. Code, 1750, ET**
     **SEQ.) [BY PLAINTIFF AGAINST ALL DEFENDANTS]**

18   58.    Plaintiff refers to, and incorporates herein by this reference, paragraphs 1 through 57

19   above, as though fully set forth herein.

20   59.    The DEFENDANTS make representations to prospective residents and their

21   families, and others similarly situated via their uniform admission agreements as set forth more fully

22

23   _____

     *Regulations* §72329.1(h) which mandates as follows:
24       h) The facility shall retain the staff assignment record that it employs to comply with subsection (i) for each
         shift, the licensing and/or certification status of the staff, and the patient census for each shift. Records
25       documenting staffing, including staff assignment records and payroll records, shall be retained for a minimum
         of three years. Unless the request is made by Department staff who are present at the facility, in which case
26       it must be provided immediately, documentation of staffing shall be provided to the Department within ten
         days of the Department's request for the documentation. If the facility is unable to provide the documentation
27       requested by the Department, it shall cease admitting new patients until it demonstrates to the Department
         that it has the staff necessary to provide the care needed by the patients by submitting the requested
28       documentation. The facility shall also comply with the provisions of Section 1429.1 of the Health and Safety
         Code.

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

22

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1   hereinabove. Pursuant to this uniform representation that the services provided by the Defendants

2   would meet the particularized standards as set forth in the Resident Bill of Rights attached to the

3   uniform Admission Agreement, the DEFENDANTS were to provide all residents of the FACILITY

4   services consistent with the mandatory requirements of California *Health & Safety Code* §1599.1(a)

5   as set forth in Title 22 *Code of Regulations* §72527(a)(25). Specifically, the services represented by

6   the DEFENDANTS that they would provide to each resident, via the contractual Admission

7   Agreement arrangement with each resident, was explicitly stated by the DEFENDANTS to include

8   the obligation, and representation as to the standard of care to be provided, that the FACILITY

9   would ensure the rights afforded to all residents of skilled nursing facilities under *Health & Safety*

10  *Code* §1599.1(a) and 22 *Code of Regulations* §72527(a)(25), most specifically the right to live in a

11  facility that employs "an adequate number of qualified personnel to carry out all of the functions of

12  the facility" as to "Direct Caregivers." These uniform representations of the DEFENDANTS in the

13  Admission Agreement as to the nature of their services in this regard as to "Direct Caregivers" were

14  false and actually known to be false when made by the DEFENDANTS.

15      60.      These representations by DEFENDANTS were intended to induce and lure elderly

16  and infirm residents (and their representatives) into agreeing to be admitted to the FACILITY based

17  on false and misleading representations without disclosing that DEFENDANTS cannot and do not

18  provide the represented level and quality of care to residents. Before, during, and after the

19  admissions processes of Plaintiff and each class member, the DEFENDANTS actively and

20  intentionally concealed from Plaintiff and class members, and/or each's legal representative, that

21  DEFENDANTS have a long history of being serial violators of skilled nursing industry laws.

22      61.      It is alleged that the concealments by DEFENDANTS alleged in the immediately

23  preceding paragraph were intended to deceive Plaintiff and members of the class, and/or each's legal

24  representative, into believing that the FACILITY was properly operated to induce Plaintiff and class

25  members into becoming residents of the FACILITY. That Plaintiff and members of the class, all in

26  infirm health, elderly, and/or in need of skilled nursing care and members of one of the most

27  vulnerable segments of our society, and/or each's legal representative, were unsophisticated and

28  unknowledgeable in the operation of skilled nursing facilities in the State of California and had no

1  knowledge of the facts concealed by DEFENDANTS and could not have discovered those concealed

2  facts due to, among other things, their extremely vulnerable status. Had the concealed facts been

3  disclosed to Plaintiff and members of the class, they would not have become residents of the

4  FACILITY and would not have paid, or had monies paid on their behalf, for the substandard skilled

5  nursing care at the FACILITY.

6       62.    The representations DEFENDANTS made in their uniform admission agreement as

7  to "Direct Caregivers" were false and known to be false when made as set forth more fully

8  hereinabove.

9       63.    Plaintiff and the class relied on these misrepresentations into becoming residents of

10  the FACILITY. In reliance of these misrepresentations, the Plaintiff and the class made payments

11  to the DEFENDANTS in return for these services as promised. Plaintiff and the class suffered

12  pecuniary harm in the form of lost payments and lost services when the DEFENDANTS actually

13  failed to provide these promised skilled nursing services as represented.

14       64.    As a result, Defendants have violated and continue to violate the Consumer Legal

15  Remedies Act, *Civil Code* §1770 et seq. ("CLRA") in at least the following respects:

    a.   In violation of section 1770(a)(5), the defendants' acts and practices constitute
16       misrepresentations that the skilled nursing care that they purport to provide had
17       characteristics, standards, performance and level of quality which it did not have;
      and
18

    b.   In violation of section 1770(a)(7), the defendants have misrepresented that the
19       skilled nursing care that they purport to provide is of a particular standard, quality
      and/or grade, when it is not.
20

21      c.   In violation of section 1770(a)(9), the defendants have misrepresented the nature of
      their skilled nursing services with the intent not to sell them as represented.

22      d.   In violation of section 1770(a)(14), the defendants have misrepresented that the
23       transaction of entering into admission agreement with Defendants conferred or
      involved rights, remedies, or obligations which the transaction did not have or
24       involve, or which was prohibited by law.

25       65.    On May 13, 2022, pursuant to Section *Civil Code* § 1782, Plaintiff notified

26  GORDON LANE and SUN MAR, and on August 15, 2022 IRVING BAUMAN; FRANK

JOHNSON; ELI MARMUR and WILLIAM PRESNELL,  in writing of the asserted violations of

27  Section 1770 and demanded that DEFENDANTS rectify the conduct described above. Plaintiff is

28

COMPLAINT FOR DAMAGES
M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Complaint.docx

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1   informed and believes that DEFENDANTS took no corrective action thereafter.

2      66.   It is alleged that Plaintiffs and members of the Class suffered injury in fact and

3   concrete harm in that they relied on the representations of the DEFENDANTS that they would be

4   provided with minimum standards of care consistent with the requirements of *Health & Safety Code*

5   §1599.1(a) as incorporated into Title 22 *Code of Regulations*  §72527(a)(25), yet did not receive

6   this promised standard of care and suffered pecuniary harm by being deprived of the value of

7   payments made for skilled nursing services when these services were not actually rendered

8   consistent with the DEFENDANTS' representations.

9      67.   In addition, these class members made monetary payments to the DEFENDANTS in

10  return for skilled nursing services of the standard promised by the DEFENDANTS in the uniform

11  Admission Agreement and its attachments which are incorporated into the Admission Agreement

12  as alleged above. The class has suffered pecuniary harm in that the DEFENDANTS did not provide

13  such services of the standard represented. In addition, Plaintiff and class members have suffered

14  pecuniary harm in that DEFENDANTS misrepresented that entering into an admission agreement

15  with DEFENDANTS conferred the statutory resident right under *Health & Safety Code* §1599.1 of

16  Plaintiffs and class members to reside in a facility that employs "an adequate number of qualified

17  personnel to carry out all of the functions of the facility" when in fact the transaction of entering

18  into an admission agreement with DEFENDANTS did not confer such right.

19     68.   Plaintiff and members of the class are "senior citizens" as defined by Section 1761(f)

20  and meet the requirements of Section 1780(b) to each be entitled to an award of $5,000 in addition

21  to the other remedies available under the CLRA.

22     69.   The defendants' conduct as alleged in this cause of action was, and is, malicious,

23  oppressive and/or fraudulent.

24                        **SECOND CAUSE OF ACTION**
        **VIOLATION OF RESIDENT RIGHTS (Health & Saf. Code §1430(b))**
25                   **BY PLAINTIFF AGAINST ALL DEFENDANTS**

26     70.   GAIL PARRISH refers to, and incorporates herein by this reference, paragraphs 1

27  through 69 above, as though fully set forth herein.

28     71.   *Health & Safety Code* §1430(b) creates a private right of action for any resident or

                                    25
M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Complaint.docx

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1    patient of a skilled nursing facility against the licensee of the facility that violates any rights of the

2    resident or patient as set forth in the Patients' Bill of Rights.

3         72.    *Health & Safety Code* §1430(b) also provides that "a current or former resident or

4    patient of a skilled nursing facility as defined in subdivision (c) of section 1250 may bring a civil

5    action against the licensee of a facility who violates any applicable regulatory rights of the resident

6    or patient here to include the right to sufficient staff to meet the residents needs as required by 22

7    *Code of Regulations* §§72329 and 72329.1.

8         73.    As more specifically set forth in paragraphs 13 through 32 hereinabove, the liability

9    of all of the DEFENDANTS under *Health & Safety Code* §1430(b) arises from the DEFENDANTS

10   joint enterprise in that there was a such a unity of interest and ownership between the

11   DEFENDANTS such that the individual distinctions between them had ceased and that the facts as

12   alleged herein are such that an adherence to the fiction of the separate existence of the

13   DEFENDANTS would, under the particular circumstances alleged herein, sanction a fraud and/or

14   promote injustice. The MANAGEMENT DEFENDANTS controlled the FACILITY to such a

15   degree that it was a "mere instrumentality" of the MANAGEMENT DEFENDANTS used for an

16   improper purpose.

17        74.    At all relevant times, the DEFENDANTS, and each of their tortious acts and

18   omissions, as alleged herein, were done in concert with one another in furtherance of their common

19   design and agreement to accomplish a particular result, namely maximizing profits from the

20   operation of the FACILITY by underfunding and understaffing the FACILITY despite the mandates

21   of law in violation of PLAINTIFF's and the class' resident's rights.

22        75.    Upon information and belief, it is alleged that the misconduct of the DEFENDANTS,

23   which led to the violation of the rights of Plaintiff and the class as alleged herein, was the direct

24   result and product of the financial and control policies and practices forced upon the FACILITY by

25   the financial limitations imposed upon the FACILITY by the DEFENDANTS, by and through the

26   officers, directors and/or managing agents enumerated in hereinabove and others presently unknown

27   to PLAINTIFF and according to proof at time of trial.

28        76.    The DEFENDANTS systematically and systemically violated 22 *Code of*

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

1   *Regulations* §§72329 and 72329.1 by failing to have "Direct Caregivers" Nursing service personnel

2   employed and on duty in at least the number to provide the necessary nursing services for patients

3   admitted for care. In doing so the DEFENDANTS have run afoul of the provisions of *Health &*

4   *Safety Code* §1430(b).

5       77.    As a result of the systematic and systemic violations of 22 *Code of Regulations*

6   §§72329 and 72329.1 by failing to have Nursing service personnel employed and on duty in at least

7   the number to provide the necessary nursing services for patients admitted for care, GAIL

8   PARRISH, as well as others similarly situated, failed to receive the care to which she was required

9   to receive pursuant to California law and would not have entered the facilities but for the above

10  alleged reasonable reliance upon the representations of the Admission Agreements as to the Patient's

11  Bill of Rights and suffered personal and real harm as the result of this misrepresentation and

12  subsequent violations.

13      78.    Among other remedies, *Health & Safety Code* §1430(b) authorizes the recovery of

14  statutory damages up to $500.00 per cause of action, attorneys' fees and costs. *Health & Safety Code*

15  §1430(b). These remedies are cumulative to any other remedies provided by law. *Health & Safety*

16  *Code* §1430(c). Given that the violation involves elderly residents, the statutory damage award is

17  subject to trebling under *Civil Code* §3345.

18      **WHEREFORE**, plaintiffs prays for judgment as follows:

19      1.    For a Court order certifying that the action may be maintained as a class and/or

20  representative action;

21      2.    For an Order permanently enjoining defendants, and each of them, from violating

22  residents' rights pursuant to *Health & Safety Code* §1430(b). For an injunction, requiring that:

23      a.  That the FACILITY and all other licensed California skilled nursing facility with
        which the MANAGEMENT DEFENDANTS, or their successors, provide services
24      under a Professional Services Agreement or a reasonable facsimile thereof,
        maintain actual nursing hours (as that term is defined in *Health & Safety Code*
25      §1276.5(b)) of 3.94 nursing hours per patient day ;

26      b.  the Defendants report to DPH all incidents of actual or suspected abuse or neglect
        (as defined by law) of which it has learned in the last three (3) years at the
27      FACILITY, or any other licensed California skilled nursing facility with which the
        MANAGEMENT DEFENDANTS, or their successors, provide services under a
28      Professional Services Agreement or a reasonable facsimile thereof, which were not

27

COMPLAINT FOR DAMAGES

M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Complaint.docx

1    reported to DPH, Adult Protective Services and/or Law Enforcement;

2    c.   the Defendants provide proof to the Court of compliance with the reporting
3         requirements over the last three (3) years for any and all such incidents in the form
         of a copy of the report submitted to DPH;

4    d.   the FACILITY, and any other licensed California skilled nursing facility with
5         which the MANAGEMENT DEFENDANTS, or their successors, provide services
         under a Professional Services Agreement or a reasonable facsimile thereof,
6         conduct quarterly, confidential surveys of *all* residents and residents'
         representatives inquiring whether any conduct which may be deemed suspected
7         abuse and/or neglect, and/or a violation of residents' rights has occurred (with a
         clear, court approved definition of these terms included, with examples), and
8         requiring that the responses to these surveys be turned over to the Long Term Care
         Ombudsman assigned to the pertinent facility for review. Further, after providing
9         confidential surveys in unredacted form to the Ombudsman, the FACILITY shall
         than redact only the name of the individual residents who completed the survey (or
10        on whose behalf the survey was completed) from the surveys, and maintain copies
         of those surveys for a period of five (5) years, and that the surveys be made
11        available (with names redacted) to any prospective resident, or their representative,
         any current resident, or their representative, or any past resident, or their
         representative, within 24 hours of a request;
12
13   e.   the FACILITY, and all other licensed California skilled nursing facility with which
         the MANAGEMENT DEFENDANTS, or their successors, provide services under
14        a Professional Services Agreement or a reasonable facsimile thereof, notify all
         current residents of this injunction by providing a copy of the injunction to them
15        and their power of attorney/responsible party and/or personal representative, if any;

16   f.   the FACILITY, and all other licensed California skilled nursing facility with which
         the MANAGEMENT DEFENDANTS, or their successors, provide services under
17        a Professional Services Agreement or a reasonable facsimile thereof, notify all
         future residents (at the time the admission agreement is signed) by providing a copy
18        of this injunction during the period for which this injunction is in force to any new
         resident and to his or her power of attorney/responsible party and/or personal
19        representative, if any;

20   g.   That this injunction shall remain in full force and effect until the earlier of either of
         the following; (1) ten years from the date of entry of judgment, or (2) five years if
21        no other violations of the injunction have been found by this or any other Court of
         competent jurisdiction regarding the FACILITY. The burden of proof to obtain the
22        shorter period shall be on the Defendants;

23   h.   This injunction shall be enforced by the Court upon motion of any interested party
         (i.e., plaintiffs or any other current or former resident (and/or their power of
24        attorney/responsible party and/or personal representative, if any, or any employee
         of the FACILITY) and/or the filing of a new action of any such interested party.
25        Each separately identifiable violation of this injunction shall be punishable by a
         $5,000 fine payable to the person filing the motion or bringing the action and a
26        payment of all reasonable attorney's fees and costs incurred by the person bringing
         the motion or action against the Facility for violation of the injunction. A separate,
27        identifiable violation includes for example, each giving of a dose of medication that
         is not prescribed is a separate violation that each resident may demand, separately;

28   i.   the FACILITY and all other licensed California skilled nursing facility with which

28

COMPLAINT FOR DAMAGES

M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Complaint.docx

the MANAGEMENT DEFENDANTS, or their successors, provide services under a Professional Services Agreement or a reasonable facsimile thereof, shall draft a policy and procedure to the satisfaction of the Court covering the handling of suspected abuse and neglect reporting as well as the obligation to asses and document patients' needs *immediately* upon arrival and when an emergency occurs; and on staffing; and

j.   the FACILITY and all other licensed California skilled nursing facility with which the MANAGEMENT DEFENDANTS, or their successors, provide services under a Professional Services Agreement or a reasonable facsimile thereof, shall prepare a training program to the satisfaction of the Court to train its staff on the new policies and procedures; and shall submit verification, under oath, of compliance with that training program by all employees of each of the FACILITY within 12 months, and then repeated annually during the term of this judgment;

3.   For attorneys' fees and costs as allowed by law according to proof at the time of trial, including, but not limited to attorneys' fees pursuant to *Code of Civil Procedure* §1021.5 and *Health & Safety Code* §1430(b);

4.   For statutory damages and penalties pursuant to *Health & Safety Code* §1430(b);

5.   For actual damages in a total amount to exceed one thousand dollars pursuant to *Civil Code* §1780(a)(1);

6.   For civil penalties for "senior citizens" and "disabled persons" in the amount of $5,000 for each injured "senior citizen" and "disabled person" pursuant to *Civil Code* §1780(b);

7.   For punitive damages as to the First Cause of Action alone;

8.   For disgorgement of monies illegally gotten as to the First Cause of Action alone;

9.   For treble damages pursuant to *Civil Code* Section 3345; and

10.  For such other and further relief as the Court may deem just and proper.

DATED: August 17, 2022                **GARCIA & ARTIGLIERE**


By:  *Stephen M. Garcia*

Stephen M. Garcia
Attorneys for Plaintiff

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 01:30:47 PM.
30-2022-01276234-CU-MC-CXC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

1 | **GARCIA & ARTIGLIERE**
**Stephen M. Garcia, State Bar No. 123338**
2 | edocs@lawgarcia.com
**One World Trade Center, Suite 1950**
3 | **Long Beach, California 90831**
**Telephone: (562) 216-5270**
4 | **Facsimile: (562) 216-5271**

5 | Attorneys for Plaintiff

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11 | GAIL PARRISH by and through Successor in Interest, Monica Parrish

CASE NO.  30-2022-01276234-CU-MC-CXC

12 | Plaintiff,

**CLASS ACTION**

13 | vs.

**DECLARATION OF MONICA PARRISH AS SUCCESSOR IN INTEREST TO GAIL PARRISH PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §377.32**

14 | GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN;    FRANK    JOHNSON;    ELI MARMUR;    WILLIAM    PRESNELL    and DOES 1-250, inclusive,

16

17 | Defendants.

18

19 | **DECLARATION OF SUCCESSOR IN INTEREST**

20

21 | I, Monica Parrish, declare and state as follows:

22 | ///

23 | ///

24 | ///

25

26

27

28

1

DECLARATION OF MONICA PARRISH  AS SUCCESSOR IN INTEREST TO GAIL PARRISH PURSUANT TO
CALIFORNIA CODE OF CIVIL PROCEDURE §377.32
M:\Gordon Lane Healthcare, LLC, In Re (22-086)\Pleading\Dec SII.docx

GARCIA & ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

DocuSign Envelope ID: 1220455F-548B-4728-A0B8-3E6AFF7D715B

1      1.     I am the daughter of the decedent GAIL PARRISH, who passed away on July 20,

2  2021 in Santa Ana, California (a certified copy of Mr. Parrish's death certificate is attached as

3  Exhibit "1").

4      2.     I am the beneficiary of the estate of my father, GAIL PARRISH, the decedent in the

5  above-captioned litigation. I am authorized to act on behalf of the decedent as the Successor in

6  Interest as defined in Section 377.11 of the California *Code of Civil Procedure* with respect to the

7  decedent in the action.

8      3.     No proceeding is now pending in California for administration of the decedent's

9  estate.

10     4.     No other persons have a superior right to commence the action or proceeding or to

11  be substituted for the decedent in the pending action or proceeding.

12     I declare under penalty of perjury under the laws of the State of California that the foregoing

13  is true and correct. Executed this _____8/13/2022_____, at Stanton, California.

DocuSigned by:

*Monica Parrish*

Monica Parrish, Declarant

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950

LONG BEACH, CALIFORNIA 90831

TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

2

DECLARATION OF MONICA PARRISH AS SUCCESSOR IN INTEREST TO GAIL PARRISH PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §377.32

M:\Parrish, Gail (21-086)\Intake\Revised SII Dec.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GARCIA & ARTIGLIERE

ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

# Exhibit "1"

3

**STATE OF CALIFORNIA**
CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE
## HEALTH CARE AGENCY

| 3052021183741 | **CERTIFICATE OF DEATH** | 3202130014943 |
|---|---|---|
| STATE FILE NUMBER | STATE OF CALIFORNIA — USE BLACK INK ONLY OR TYPING, WHITEOUTS OR ALTERATIONS (C-1 NOV 2015) | LOCAL REGISTRATION NUMBER |

**DECEDENT PERSONAL DATA**

| 1. NAME OF DECEDENT- FIRST (Given) GAIL | 2. MIDDLE DOUGLAS | 3. LAST (Family) PARRISH |
|---|---|---|

| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. 81 | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX M |
|---|---|---|---|---|---|

| 9. BIRTH STATE/FOREIGN COUNTRY CALIFORNIA | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES / X NO / UNK | 12. MARITAL STATUS/SRDP at Time of Death WIDOWED | 7. DATE OF DEATH mm/dd/ccyy 07/20/2021 | 8. HOUR (24 hours) 2107 |
|---|---|---|---|---|---|

| 13. EDUCATION – Highest Level/Degree SOME COLLEGE | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? (If yes, see worksheet on back) box is checked YES / X NO | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) CAUCASIAN | |
|---|---|---|---|

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED LABORER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) CONSTRUCTION | 19. YEARS IN OCCUPATION 53 |
|---|---|---|

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) 413 S. COLT STREET | | | | |
|---|---|---|---|---|
| 21. CITY ANAHEIM | 22. COUNTY/PROVINCE ORANGE | 23. ZIP CODE 92806 | 24. YEARS IN COUNTY 70 | 25. STATE/FOREIGN COUNTRY CALIFORNIA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP MONICA PARRISH, DAUGHTER | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) 8101 PLAZA WAY #D38, STANTON, CA 90680 |
|---|---|

**SPOUSE/PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP–FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|

| 31. NAME OF FATHER/PARENT–FIRST HAVEN | 32. MIDDLE LEE | 33. LAST PARRISH | 34. BIRTH STATE GEORGIA |
|---|---|---|---|

| 35. NAME OF MOTHER/PARENT–FIRST RUBY | 36. MIDDLE ALICE | 37. LAST (BIRTH NAME) CASWELL | 38. BIRTH STATE TEXAS |
|---|---|---|---|

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy 07/24/2021 | 40. PLACE OF FINAL DISPOSITION JARDINES DEL TIEMPO INDEPENDENCIA AVE CAMELINAS #2473 COL. FUENTES DE MORELIA, MORELIA, MICHOACAN, MX 58088 | |
|---|---|---|
| 41. TYPE OF DISPOSITION(S) TR/BU | 42. SIGNATURE OF EMBALMER ▶ BEVERLY COOP | 43. LICENSE NUMBER EMB9195 |
| 44. NAME OF FUNERAL ESTABLISHMENT FUNERARIA DEL ANGEL BELLFLOWER | 45. LICENSE NUMBER FD118 | 46. SIGNATURE OF LOCAL REGISTRAR ▶ CLAYTON CHAU, MD, PHD | 47. DATE mm/dd/ccyy 07/23/2021 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH ORANGE COUNTY GLOBAL MEDICAL CENTER | 102. IF HOSPITAL, SPECIFY ONE X IP / ER/OP / DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Hospice / Nursing Home/LTC / Decedent's Home / Other |
|---|---|---|
| 104. COUNTY ORANGE | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 1001 NORTH TUSTIN AVENUE | 106. CITY SANTA ANA |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH (See chart of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.) | 108. DEATH REPORTED TO CORONER? Direct Enter Death | 109. BIOPSY PERFORMED? |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) CARDIOPULMONARY ARREST | Time Interval Between Onset and Death MINS | YES / X NO |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (b) CONGESTIVE HEART FAILURE | YRS | 109. BIOPSY PERFORMED? YES / X NO |
| (c) SENILE DEMENTIA | YRS | 110. AUTOPSY PERFORMED? YES / X NO |
| (d) | | 111. USED IN DETERMINING CAUSE? YES / NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 NONE |
|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date.) NO | 114a. IF FEMALE, PREGNANT IN LAST YEAR? YES / NO / UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since / Decedent Last Seen Alive | 115. SIGNATURE AND TITLE OF CERTIFIER ▶ ORLANDO ACOSTA COLLADO JR M.D. | 116. LICENSE NUMBER A108177 | 117. DATE mm/dd/ccyy 07/22/2021 |
|---|---|---|---|
| (A) mm/dd/ccyy 07/14/2021 | (B) mm/dd/ccyy 07/19/2021 | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE ORLANDO ACOSTA COLLADO JR M.D. 3090 BRISTOL STREET SUITE 200, COSTA MESA, CA 92626 |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH: Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be determined | 120. INJURED AT WORK? YES / NO / UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 hours) |
|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) | | | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER ▶ | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |

**STATE REGISTRAR**

| A | B | C | D | E | *31001005027381* | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

CERTIFIED COPY OF VITAL RECORDS



* 0 0 4 7 7 6 5 0 7 *

STATE OF CALIFORNIA } SS
COUNTY OF ORANGE

DATE ISSUED July 23, 2021




CLAYTON CHAU, MD, PHD
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. GARCIA   SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>TELEPHONE NO.: 562-216-5270   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA. 92701
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [X] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [X] other *(specify documents):* NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA PARISH AS SUCCESSOR IN INTEREST

3. a. Party served *(specify name of party as shown on documents served):* IRVING BAUMAN

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*   (2) at *(time):*

   b. [X] **by substituted service.** On *(date):* 8/30/22   at *(time):* 12:45 PM   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* ABIGAIL DUNCAN, RECEPTIONIST ACCEPTED FOR IRVING BAUMAN

      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 8/31/22   from *(city):* CYPRESS   or [ ] a declaration of mailing is attached.

      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
        address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                                        (2) from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
            to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:


    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify)*:
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify)*:
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)                            ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)                    ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)        ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)             ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                          ☐ 415.46 (occupant)
                                        ☐ other:

7.  **Person who served papers**
   a.  Name: TOM BLACK
   b.  Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630
   c.  Telephone number: 562-597-4088
   d.  **The fee** for service was: $ 65.00
   e.  I am:

    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  registered California process server:
       (i)  ☐  owner      ☐ employee  ☒ independent contractor.
       (ii)  Registration No.: 6089
       (iii)  County: ORANGE

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

           TOM BLACK                                          ▶
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>TELEPHONE NO.: 562-216-5270    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
  STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
  MAILING ADDRESS:
  CITY AND ZIP CODE: SANTA ANA, CA. 92701
  BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: GAIL PARRISH

DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LL.

| DECLARATION | CASE NUMBER:<br>30-2022-01276234-CU-MC-CXC |
|---|---|

I am and was on the date herein mentioned, over the age of 18 years of age and not a party to the action. I received the within process on AUGUST    23RD 2022 and that after due and dilligent effort, I have been unable to effect personal service on the within named.

    Name: IRVING BAUMAN
          3050 SATURN ST., SUITE 201
          BREA, CA. 92821

    ATT: 8/23/22 2:15 PM IRVING NOT IN.
         8/24/22 10:10 AM IRVING NOT IN.
         8/25/22 1:40 PM HE IS NEVER IN THE OFFICE.
         8/29/22 3:00 PM NOT IN.
         8/30/22 12:45 PM I SERVED THE PAPERS TO ABIGAIL DUNCAN, RECPT.,
         SHE ACCEPTED FOR IRVING BAUMAN.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/31/22

TOM BLACK
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for     ☐ Plaintiff  ☐ Petitioner     ☐ Defendant
☐ Respondent       ☐ Other *(Specify)*:

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. January 1, 2006]

DECLARATION

Legal
Solutions
Plus

Page 1 of 1

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>TELEPHONE NO: 562-216-5270    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: SANTA ANA, CA. 92701 | |
| BRANCH NAME: CENTRAL | |

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA PARISH AS SUCCESSOR IN INTEREST

3. a. Party served *(specify name of party as shown on documents served):* GORDON LANE HEALTHCARE, LLC.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* ABIGAIL DUNCAN, AUTHORIZED PERSON TO ACCEPT SERVICE

4. Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 8/30/22    (2) at *(time):* 12:45 PM
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

Legal Solutions Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*        (2) from *(city):*

    (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)*  (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify):*

  c.  [ ]  as occupant.

  d.  [X]  On behalf of *(specify):* GORDON LANE HEALTHCARE, LLC.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [X] other: LLC |

7.  **Person who served papers**

  a.  Name: TOM BLACK

  b.  Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630

  c.  Telephone number: 562-597-4088

  d.  **The fee** for service was: $ 65.00

  e.  I am:

    (1)  [ ]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [X]  registered California process server:

      (i)  [ ] owner  [ ] employee  [X] independent contractor.

      (ii)  Registration No.: 6089

      (iii)  County: ORANGE

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

    TOM BLACK               ►             
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>   TELEPHONE NO.: 562-216-5270    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>   ATTORNEY FOR *(Name):* PLAINTIFF | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>   STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: SANTA ANA, CA. 92701<br>   BRANCH NAME: CENTRAL | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA PARISH AS SUCCESSOR IN INTEREST

3. a. Party served *(specify name of party as shown on documents served):* FRANK JOHNSON

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. [X] **by substituted service.** On *(date):* 8/30/22   at *(time):* 12:45 PM   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* ABIGAIL DUNCAN, RECEPTIONIST ACCEPTED FOR FRANK JOHNSON
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 8/31/22   from *(city):* CYPRESS   **or** [ ] a declaration of mailing is attached.
      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                 (2) from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)*  (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐  416.10 (corporation)               ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)          ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)
      ☐  416.50 (public entity)              ☐  415.46 (occupant)
                                          ☐  other:

7.  **Person who served papers**
  a.  Name: TOM BLACK
  b.  Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630
  c.  Telephone number: 562-597-4088
  d.  **The fee** for service was: $ 65.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  registered California process server:
      (i)  ☐  owner  ☐  employee  ☒  independent contractor.
      (ii)  Registration No.: 6089
      (iii)  County: ORANGE

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

▶

TOM BLACK
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

STEPHEN M. GARCIA    SBN 123338
GARCIA, ARTIGLIERE
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CA. 90831
TELEPHONE NO: 562-216-5270    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA. 92701
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: GAIL PARRISH

DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LL.

| **DECLARATION** | CASE NUMBER:<br>30-2022-01276234-CU-MC-CXC |
|---|---|

    I am and was on the date herein mentioned, over the age of 18
years of age and not a party to the action. I received the within
process on AUGUST    23RD 2022 and that after due and dilligent effort,
I have been unable to effect personal service on the within named.

    Name:  FRANK JOHNSON
           3050 SATURN ST., SUITE 201
           BREA, CA. 92821

    ATT: 8/23/22 2:15 PM FRANK NOT HERE.
         8/24/22 10:10 AM FRANK NOT IN.
         8/25/22 1:40 PM HE IS NEVER IN THE OFFICE.
         8/29/22 3:00 PM NOT IN.
         8/30/22 12:45 PM I SERVED THE PAPERS TO ABIGAIL DUNCAN, RECPT.,
         SHE ACCEPTED FOR FRANK JOHNSON.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/31/22

| TOM BLACK | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify)*:

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. January 1, 2006]

**DECLARATION**

Legal
Solutions
Plus

Page 1 of 1

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>TELEPHONE NO: 562-216-5270    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SANTA ANA, CA. 92701 |
| BRANCH NAME: CENTRAL |

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA PARISH AS SUCCESSOR IN INTEREST

3. a. Party served *(specify name of party as shown on documents served):* ELI MARMUR

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*  (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 8/30/22  at *(time):* 12:45 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*  ABIGAIL DUNCAN, RECEPTIONIST ACCEPTED FOR ELI MARMUR
      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 8/31/22  from *(city):* CYPRESS  or ☐ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):*                                   (2) from *(city):*
  (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
    to me.  *(Attach completed Notice and Acknowledgement of Receipt.)*  (Code Civ. Proc., § 415.30.)
  (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

  ☐  416.10 (corporation)                 ☐  415.95 (business organization, form unknown)
  ☐  416.20 (defunct corporation)          ☐  416.60 (minor)
  ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
  ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
  ☐  416.50 (public entity)                ☐  415.46 (occupant)
                                            ☐  other:

7.  **Person who served papers**
  a.  Name: TOM BLACK
  b.  Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630
  c.  Telephone number: 562-597-4088
  d.  **The fee** for service was: $ 65.00
  e.  I am:

    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒  registered California process server:
      (i) ☐  owner  ☐  employee  ☒  independent contractor.
      (ii)  Registration No.: 6089
      (iii)  County: ORANGE

8. ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

TOM BLACK                                        ►          *(signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. GARCIA   SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>TELEPHONE NO.: 562-216-5270     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
  STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
  MAILING ADDRESS:
  CITY AND ZIP CODE: SANTA ANA, CA. 92701
  BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: GAIL PARRISH

DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LL.

| **DECLARATION** | CASE NUMBER:<br>30-2022-01276234-CU-MC-CXC |
|---|---|

I am and was on the date herein mentioned, over the age of 18 years of age and not a party to the action. I received the within process on AUGUST   23RD 2022 and that after due and dilligent effort, I have been unable to effect personal service on the within named.

    Name:  ELI MARMUR
           3050 SATURN ST., SUITE 201
           BREA, CA. 92821

    ATT:  8/23/22 2:15 PM ELI NOT HERE.
          8/24/22 10:10 AM ELI NOT IN.
          8/25/22 1:40 PM HE IS NEVER IN THE OFFICE.
          8/29/22 3:00 PM NOT IN.
          8/30/22 12:45 PM I SERVED THE PAPERS TO ABIGAIL DUNCAN, RECPT.,
          SHE ACCEPTED FOR ELI MARMUR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/31/22

TOM BLACK
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent   ☐ Other *(Specify)*:

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>　TELEPHONE NO. 562-216-5270　　FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>　ATTORNEY FOR *(Name)*: PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: SANTA ANA, CA. 92701 | |
| BRANCH NAME: CENTRAL | |

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [X] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [X] other *(specify documents)*: NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA PARISH AS SUCCESSOR IN INTEREST

3. a. Party served *(specify name of party as shown on documents served)*: WILLIAM PRESNEL

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:

   b. [X] **by substituted service.** On *(date)*: 8/30/22  at *(time)*: 12:45 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*: ABIGAIL DUNCAN, RECEPTIONIST ACCEPTED FOR WILLIAM PRESNEL

      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 8/31/22  from *(city)*: CYPRESS  or [ ] a declaration of mailing is attached.

      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.  **Person who served papers**
  a. Name: TOM BLACK
  b. Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630
  c. Telephone number: 562-597-4088
  d. **The fee** for service was: $ 65.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor.
      (ii) Registration No.: 6089
      (iii) County: ORANGE

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

_____
        TOM BLACK
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
            (SIGNATURE)

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. GARCIA    SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>　TELEPHONE NO.: 562-216-5270　　FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
　STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
　MAILING ADDRESS:
　CITY AND ZIP CODE: SANTA ANA, CA. 92701
　BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: GAIL PARRISH

DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LL.

| DECLARATION | CASE NUMBER:<br>30-2022-01276234-CU-MC-CXC |
|---|---|

　　　I am and was on the date herein mentioned, over the age of 18
years of age and not a party to the action. I received the within
process on AUGUST   23RD 2022 and that after due and dilligent effort,
I have been unable to effect personal service on the within named.

　　Name: WILLIAM PRESNEL
　　　　　3050 SATURN ST., SUITE 201
　　　　　BREA, CA. 92821

　ATT: 8/23/22 2:15 PM WILLIAM NOT HERE.
　　　　8/24/22 10:10 AM WILLIAM NOT IN.
　　　　8/25/22 1:40 PM HE IS NEVER IN THE OFFICE.
　　　　8/29/22 3:00 PM NOT IN.
　　　　8/30/22 12:45 PM I SERVED THE PAPERS TO ABIGAIL DUNCAN, RECPT.,
　　　　SHE ACCEPTED FOR WILLIAM PRESNEL.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/31/22

　　　　TOM BLACK
　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF DECLARANT)

　　[ ] Attorney for　　[ ] Plaintiff　[ ] Petitioner　　[ ] Defendant
　　[ ] Respondent　　　[ ] Other *(Specify)*:

Electronically Filed by Superior Court of California, County of Orange, 09/01/2022 10:55:00 AM.
30-2022-01276234-CU-MC-CXC - ROA # 17 - DAVID H. YAMASAKI, Clerk of the Court By E. ghilinguser, Deputy Clerk.
Page 65 of 67.

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>STEPHEN M. GARCIA     SBN 123338<br>GARCIA, ARTIGLIERE<br>ONE WORLD TRADE CENTER, SUITE 1950<br>LONG BEACH, CA. 90831<br>　TELEPHONE NO: 562-216-5270     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>　ATTORNEY FOR *(Name):* PLAINTIFF | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
　STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
　MAILING ADDRESS:
　CITY AND ZIP CODE: SANTA ANA, CA. 92701
　BRANCH NAME: CENTRAL

| | |
|---|---|
| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.　At the time of service I was at least 18 years of age and not a party to this action.

2.　I served copies of:

　　a. ☒ summons

　　b. ☒ complaint

　　c. ☐ Alternative Dispute Resolution (ADR) package

　　d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

　　e. ☐ cross-complaint

　　f. ☒ other *(specify documents):* NOTICE OF REMOTE APPEARANCE; DECLARATION OF MONICA
　　　　　PARISH AS SUCCESSOR IN INTEREST

3.　a. Party served *(specify name of party as shown on documents served):* SUN MAR MANAGEMENT SERVICES

　　b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
　　　　under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
　　　　ABIGAIL DUNCAN, AUTHORIZED PERSON TO ACCEPT SERVICE

4.　Address where the party was served: 6050 SATURN ST., BREA, CA. 92821

5.　I served the party *(check proper box)*

　　a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
　　　　receive service of process for the party　(1) on *(date):* 8/30/22　　　(2) at *(time):* 12:45 PM

　　b. ☐ **by substituted service.** On *(date):*　　　at *(time):*　　　I left the documents listed in item 2 with or
　　　　in the presence of *(name and title or relationship to person indicated in item 3):*

　　　　(1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
　　　　　　　of the person to be served. I informed him or her of the general nature of the papers.

　　　　(2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
　　　　　　　place of abode of the party. I informed him or her of the general nature of the papers.

　　　　(3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
　　　　　　　address of the person to be served, other than a United States Postal Service post office box. I informed
　　　　　　　him or her of the general nature of the papers.

　　　　(4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
　　　　　　　at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
　　　　　　　*(date):*　　　from *(city):*　　　　or ☐ a declaration of mailing is attached.

　　　　(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS**　Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: GAIL PARRISH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GORDON LANE HEALTHCARE, LLC. | 30-2022-01276234-CU-MC- |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*                 (2) from *(city):*

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):* SUN MAR MANAGEMENT SERVICES

      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a. Name: TOM BLACK

  b. Address: 6033 RONALD CIRCLE, CYPRESS, CA. 90630

  c. Telephone number: 562-597-4088

  d. **The fee** for service was: $ 65.00

  e. I am:

      (1)  ☐  not a registered California process server.

      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3)  ☒  registered California process server:

          (i)  ☐ owner   ☐ employee   ☒ independent contractor.

          (ii)  Registration No.: 6089

          (iii)  County: ORANGE

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 8/31/22

       TOM BLACK           ▶                                                                                                  
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                     (SIGNATURE)

**PROOF OF SERVICE**
**(Sections 1013A(3) C.C.P.)**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ) |
| | ) ss. |
| **COUNTY OF LOS ANGELES** | ) |

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.

My business address is PETRULLO APC, 222 N. Sepulveda Blvd., Ste. 1690, El Segundo, CA 90245.

On September 29, 2022 I served the foregoing document described as**: NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER THE CLASS ACTION FAIRNESS ACT** on the interested parties in this action as follows:

Garcia & Artigliere
Stephen M. Garcia, Esq.
One World Trade Center, Ste. 1950
Long Beach, CA 90831
edocs@lawgarcia.com

**[X]  (BY ELECTRONIC MAIL)**  On the above-referenced interested parties in accordance with the telephonic consent to electronic service of said interested parties.  I transmitted, by electronic mail, the above referenced document to the above-referenced interested parties, at which said parties consented to accept electronic service.  The transmission indicated that it was sent without error.  I caused said document(s) to be sent via electronic mail to the email addressee(s) listed above from my email address: maindesk@petrullolaw.com.

Executed on September 29, 2022, at El Segundo, California.

**(By California law)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Monzerrat Villarreal /s/*

_____
Monzerrat Villarreal

10

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER THE CLASS ACTION FAIRNESS ACT

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS